IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FELIX JEROME SOLOMON, AIS 307044, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GEORGE EDWARDS, et al., )<br>)<br>Respondents. ) | Case No. 2:19-cv-849-WHA-CWB<br>[WO] |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Felix Jerome Solomon ("Solomon"), an Alabama inmate, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges his convictions for attempted murder and for discharging a firearm into an occupied vehicle. (Doc. 1).[1] For the reasons discussed below, the undersigned Magistrate Judge recommends that Solomon's petition be dismissed as time-barred. *See* 28 U.S.C. § 2244(d).

### I.    INTRODUCTION

####    A.    State Court Proceedings

On November 15, 2016, a Crenshaw County jury found Solomon guilty of attempted murder in violation of Ala. Code §§ 13A-6-2 and 13A-4-2 and of discharging a firearm into an occupied vehicle in violation of Ala. Code § 13A-11-61. (Doc. 7-2 at pp. 117–18). On December 6, 2016, the trial court sentenced Solomon as a habitual felony offender to concurrent terms of 30 years in prison, to be followed by concurrent five-year periods of probation. (*Id.* at pp. 133–34).

---

[1] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

Solomon appealed on the basis that the trial court allegedly erred in denying his motions for a judgment of acquittal and for a new trial. (Doc. 7-3). On August 1, 2017, the Alabama Court of Criminal Appeals remanded the case with instructions for the trial court to set aside the five-year terms of probation. (Doc. 7-4). The trial court complied and amended Solomon's sentence accordingly. (Doc. 7-5 at pp. 2–3). On return to remand, the Alabama Court of Criminal Appeals issued a memorandum opinion on December 8, 2017 to affirm Solomon's convictions and sentence. (Doc. 7-6). Solomon did not apply for rehearing or petition the Alabama Supreme Court for certiorari review. On December 27, 2017, the Alabama Court of Criminal Appeals issued its certificate of judgment. (Doc. 7-7).

### B. Solomon's § 2254 Petition

Solomon filed his § 2254 petition on October 31, 2019.[2] (Doc. 1). In his petition, Solomon asserts: (1) that he is actually innocent; (2) that the trial court gave an erroneous reasonable-doubt instruction to the jury; and (3) that he received ineffective assistance of counsel. (*Id.* at pp. 5–8; Doc. 2 at pp. 5–28). Respondents contend that the petition is time-barred.[3] (Doc. 7). The undersigned agrees and recommends that the petition be denied without an evidentiary hearing and dismissed with prejudice.

---

[2] Although the petition was date-stamped as received by the court on November 5, 2019, Solomon avers that he placed the petition in the prison mailing system on October 31, 2019. (Doc. 1 at pp. 1, 15). Under the "prison mailbox rule," a *pro se* petition is deemed filed as of the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993).

[3] Respondents also argue that Solomon's claims are unexhausted and procedurally defaulted because they were not subjected to a complete round of appellate review in the Alabama courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Because it is clear that the petition is time-barred, the court pretermits discussion of the exhaustion issue.

## II.        DISCUSSION

### A.        AEDPA's One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitation for filing federal habeas petitions:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.        Computation of Timeliness

As a general rule, a petition brought under § 2254 must be filed within a year after the date on which the underlying judgment becomes final, either by the conclusion of direct review or by the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Where a petitioner appeals his conviction to the

Alabama Court of Criminal Appeals but does not thereafter seek review in the Alabama Supreme Court, his conviction becomes final for purposes of § 2244(d)(1)(A) on the date the time for seeking such review expires. *Kister v. Jones*, 2021 WL 5411213, at *3 (N.D. Ala. Oct. 26, 2021) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 137, 150 (2012)). Because Solomon's convictions were affirmed on December 8, 2017, and because he did not seek either rehearing or certiorari review, the convictions became final for purposes of § 2244(d)(1)(A) on or about December 22, 2017. *See Kister*, 2021 WL 5411213, at *3; *Harvey v. Price*, 2018 WL 2731232, at *2 (N.D. Ala. Apr. 26, 2018). Therefore, absent some effective tolling event, Solomon had until December 24, 2018 (the first business day after December 22, 2018) to file a timely petition under § 2254.

      **C.**    **Statutory Tolling**

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled during the pendency of a properly filed state court petition. *See* 28 U.S.C. § 2244(d)(2). Solomon, however, filed no state court petition (*e.g.*, a petition under Rule 32 of the Alabama Rules of Criminal Procedure) collaterally attacking his convictions and/or sentence. Nor has Solomon set forth any facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D), *i.e.*, he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence. The court therefore is unaware of any basis to apply statutory tolling in this case.

### D.     Equitable Tolling

The one-year limitations period under § 2244(d)(1)(A) alternatively can be tolled on an equitable basis when a petitioner demonstrates that he has submitted an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  However, "equitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly."  *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).  The United States Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Solomon contends that he is entitled to equitable tolling because his appellate counsel failed to keep him apprised of the status of his direct appeal, which he says prevented him from filing a timely Rule 32 petition in state court and further prevented him from filing his § 2254 petition before expiration of the limitations period. (Doc. 1 at p. 3; Doc. 2 at p. 2).  In that regard, the record reflects that on or about November 16, 2017, in response to a letter from Solomon inquiring about the status of his appeal, appellate counsel Brandon E. Collins sent Solomon a response that he was "surprised" a final decision had not yet issued and that he would inform Solomon once he received further information. (Doc. 1-5 at p. 2).  Collins closed the response by telling Solomon to let him know if he had any additional questions. (*Id*.).  Solomon now contends that he subsequently wrote Collins "several times with no answers from him as to the status of his appeal" (Doc. 2 at p. 2) and that he did not learn about the outcome on his appeal until approximately September 4, 2019.  (*Id*.; Doc. 12 at p. 2).

5

In *Cadet v. Florida Dep't of Corr.*, 853 F.3d 1216, 1227 (11th Cir. 2017), the Eleventh Circuit held that "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship, ... or some other professional misconduct or some other extraordinary circumstance is required." The court also suggested that a petitioner generally must demonstrate that the attorney "withdr[e]w from representing [the petitioner], renounce[d] his role as counsel, utterly shirk[ed] all of his professional responsibilities to [the petitioner], or walk[ed] away from their attorney-client relationship." *Id*. at 1234.

The conduct being alleged by Solomon appears to more closely resemble the scenario presented in *Rodriguez v. Marshall*, 2009 WL 1424260 (E.D. Cal. May 20, 2009). In *Rodriguez*, appellate counsel failed to notify a petitioner that his petition for review had been denied by the state supreme court. *Id*. at *3. As a result, the petition for writ of habeas corpus was filed four months after the one-year deadline expired. *See Rodriguez v. Marshall*, 234 F. App'x 746 (9th Cir. 2007). Nonetheless, the court held that the failure constituted "nothing more than simple, ordinary negligence on the part of appellate counsel":

> Counsel did not deceive or lie to Petitioner. Counsel did not act to thwart Petitioner in his filing of his federal petition. Counsel did not commit bad acts such as those noted in the cases which were deemed sufficiently egregious. Rather, appellate counsel made an error of omission.

2009 WL 1424260 at *6. The court thus concluded that the petitioner had not demonstrated the requisite "extraordinary circumstances" for equitable tolling. Given the lofty burden a petitioner bears to predicate such a finding upon the conduct of counsel, combined with the admonition that equitable tolling be invoked "sparingly," it likewise cannot be said in this case that the failure of

6

appellate counsel to notify Solomon that his appeal had been concluded, standing alone, rises to the level of "exceptional circumstances" sufficient to warrant an out-of-time § 2254 petition.[4]

Even had Solomon sufficiently demonstrated "extraordinary circumstances," the focus would then shift to "the petitioner's own actions in the face of his attorney's inaction" and whether he exercised "reasonable diligence." *See George v. Sec'y Dep't of Corr.*, 438 F. App'x. 751, 753 (11th Cir. 2011) (citing *Holland*, 560 U.S. at 653) (emphasis added). The Eleventh Circuit has held that a petitioner's "efforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate." *San Martin*, 633 F.3d at 1269. Solomon asserts that he wrote Collins "several times with no answers" (Doc. 2 at p. 2), yet that assertion is not supported by any documentation or further detail showing when he wrote to Collins, and it

---

[4] Numerous courts have held similar failures by appellate counsel not to meet the threshold showing for "extraordinary circumstances." *See, e.g., Kitchen v. Danials*, 2016 WL 4545331, at *3 (N.D. Ala. Aug. 9, 2016) ("[An] allegation that appellate counsel failed to inform Petitioner that the Alabama Supreme Court had quashed the writ of certiorari and entered a certificate of judgment is not the type of egregious attorney conduct required to apply equitable tolling. Rather, this is a description of mere negligence."); *Baker v. Bolling,* 2018 WL 6274059, at *5 (S.D. Ala. Oct. 2, 2018) (finding that attorney's failure to notify the petitioner that the Alabama Supreme Court denied certiorari did not rise beyond the level of negligence and therefore did not constitute an extraordinary circumstance warranting equitable tolling); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (lack of notice from petitioner's state appellate attorney that his request to appeal had been denied did not amount to an extraordinary circumstance); *Menjivar v. Frauenheim*, 2015 WL 2398560, at *3 (N.D. Cal. May 19, 2015) (petitioner was not entitled to equitable tolling "where counsel did not inform him that his conviction had been affirmed on direct appeal"); *Bobadilla v. Gipson*, 2014 WL 3895992, at *4 (C.D. Cal. June 30, 2014) ("[A]ppellate counsel's actions in failing to inform Petitioner of the denial of his petition for review and to return the case records until approximately one year after the [California Supreme Court] decision were not so egregious as to constitute an extraordinary circumstance"); *Anguiano-Magana v. Franke*, 2012 WL 6203163, at *3 (D. Or. Nov. 14, 2012) ("Here, even assuming counsel was negligent in failing to advise Anguiano-Magana that final judgment had been entered and notify him of the AEDPA's one-year statute of limitations, such negligence is not sufficiently egregious to meet the 'extraordinary misconduct' standard upon which equitable tolling is based."); *Sumpter v. Sears*, 2011 WL 31188, at *5 (E.D.N.Y. Jan. 5, 2011) ("[E]quitable tolling is not triggered by an appellate lawyer's failure to inform his client that his application for leave to appeal has been denied.") (citing *McCowen v. Conway*, 2008 WL 123940, at *4–5 (E.D.N.Y. Jan. 10, 2008)).

thus cannot be determined whether Solomon's attempts occurred before or after the limitations period expired. *See Hunter*, 587 F.3d at 1308 ("The petitioner bears the burden of showing that equitable tolling is warranted.").

By Solomon's own account, it was not until July 2019 that he first sought to contact the Alabama Court of Criminal Appeals to determine the status of his appeal.[5] Solomon thus delayed making such inquiry for approximately 20 months after receiving Collins's November 2017 letter that a final decision on appeal should be forthcoming. Assuming there indeed was a lack of responsiveness from Collins during that interim period, Solomon could have—and reasonably should have—exhibited greater diligence to ascertain the status of his appeal from other sources. *See, e.g., Robinson v. Jones*, 2018 WL 6920351, at *6–7 (N.D. Fla. Nov. 6, 2018) (finding lack of reasonable diligence by petitioner whose counsel failed to notify him that his state habeas petition was denied, because petitioner failed to inquire with the clerk of court about the status of petition for two years); *Robinson v. Davenport*, 2017 WL 2819041, at *3 (M.D. Ala. May 24, 2017) ("The absence of any response from [counsel] (as [the petitioner] alleges) would have put a reasonable prisoner on notice that some other steps should be taken to determine the status of his appeal.").

Because Solomon has failed to establish that extraordinary circumstances prevented him from timely filing his § 2254 petition and, further, that he acted with reasonable diligence in attempting to ascertain the status of his appeal, the doctrine of equitable tolling cannot be invoked to remedy his otherwise time-barred filing.

---

[5] Solomon avers that he requested and received a copy of the case action summary from the Alabama Court of Criminal Appeals in July 2019, approximately one and a half months before his mother obtained copies of the Court of Criminal Appeals' memorandum opinion and certificate of judgment. (Doc. 12 at p. 2).

E.    **Actual Innocence**

Even when no basis exists for tolling the § 2244(d)(1)(A) limitations period, it has been recognized that an untimely petition can be considered if there is a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). A petitioner so asserting actual innocence must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998).

Solomon presents no new evidence of his actual innocence. Rather, he largely reargues sufficiency of the trial evidence while positing his own theories as to how the evidence should have been weighed. (*See* Doc. 2 at pp. 5–13; Doc. 16). Such arguments are grossly insufficient to sustain a claim of actual innocence. *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, No. 2:10-CV-242-TMH, slip op. at 14 (M.D. Ala. Jul. 30, 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence); *see also Schlup*, 513 U.S. at 324 ("Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.").

Although Solomon additionally references purported alibi evidence that his trial counsel failed to present (Doc. 2 at pp. 10–11, 20), the testimony he claims such witnesses would have given, *i.e.*, that he "did not have a gun" and was driving a different type of car than that identified

9

by the victim,[6] would not establish actual innocence. At most, such testimony would have created disputed issues of fact for the jury to resolve. It is also clear from the record that such testimony would have been cumulative to that given by Solomon's girlfriend regarding his whereabouts and the car he was driving. Finally, Solomon's remaining assertion that the police conducted an "inept, incompetent, and superficial crime scene investigation" (Doc. 2 at 6–10) is hardly based on new evidence. Put most succinctly, "the actual innocence exception remains only a safety valve for the extraordinary case," *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted), and Solomon has not presented that case.[7]

## III. CONCLUSION

For these reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Solomon's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

It is further ORDERED that, by September 6, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

---

[6] Solomon's assertions regarding the expected testimony is entirely unsupported, as he has not proffered any evidence (such as affidavits) to verify how the uncalled alibi witnesses would have testified under oath at trial.

[7] The court notes that the Eleventh Circuit has left open the question of whether "freestanding" actual-innocence claims may be brought in non-capital cases. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). Assuming that Solomon were permitted to assert actual innocence as a freestanding claim, he still would be subject to AEDPA's procedural restrictions, including the limitations period under § 2244(d). *See, e.g., Moody v. Thomas*, 89 F.Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement).

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 23rd day of August 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**